Sullivan v. Garesche.

---

## NELLIE P. SULLIVAN v. WILLIAM McREE GARESCHE, Appellant.

### Division One, June 28, 1910.

1. **WILL: In Restraint of Marriage: Void.** Testatrix, having seven children, devised all her property to two daughters, Kate and Julia, in equal parts, and provided that "in case of the marriage or the death of either of said daughters, the share of the one marrying or dying shall go to the other. In the event of the marriage of both, said property shall be divided equally among all my children. In the event of the death of both of my said daughters before marriage, said property shall be divided equally among my surviving children." *Held*, that that part of the will in restraint of the daughters' marriage is void, and is to be construed as if the words and conditions in reference to marriage were not in it; but that part eliminated, the will is to be construed as providing that in case of the

death of either the estate should go to the other, and in case
of the death of both before marriage the property should be
divided equally among testator's "surviving children."

2. ————: In Case of Death Before Marriage. It is not in restraint
of marriage, and therefore not unlawful, to devise property to
one of several children and provide that in case the child shall
die before marriage the property shall go to another or others.

3. ————: ————: Interest of Other Children. Under this will
the other five children can have no interest in the property
devised to the two daughters until both die without either hav-
ing been married.

4. ————: Contingent Remainder. The remainder is contingent
if the event on which it is to take effect is contingent, or
if at the time of creating the estate the person who is to take
is not ascertained. Both these contingencies are present in
a will of a testatrix having seven children by which she gives all
her property to two daughters, and provides that "in case of the
death of either of said daughters, the share of the one dying
shall go to the other. In the event of the death of both before
marriage, said property shall be divided equally among all my
surviving children." Both being now alive the event on which
the remainder (if it be a remainder) is to take effect, is the
death of both without having married, which may never occur,
since either may marry; and which of the other five chil-
dren will be "surviving" in case of the death of both daughters
is also uncertain.

5. ————: ————: My Surviving Children: When Vested. The
general rule is that if an estate is given by will to the survivors
of a class to take effect on the death of the testator the word
"survivors" means those living at the death of the testator; but
if a particular estate is given and a remainder is given to the sur-
vivors of a class the word "survivors" means those surviving at the
termination of the particular estate. So that where the testatrix
had seven children, one of whom was Lise, and gave all her
property to Kate and Julia and provided that "in the event of
the death of both of my daughters Kate and Julia before mar-
riage, said property shall be divided equally among my sur-
viving children," the remainder will vest in such of testatrix's
children as are living upon the death of Kate and Julia before
marriage, and hence, Julia and Kate being yet alive and un-
married, the child of Lise took nothing upon her death.

6. ————: ————: Executory Devise. But the will did not create
a contingent remainder. The estate given to the two daugh-
ters Kate and Julia was an absolute estate in fee simple ex-

229 Sup—32

cept that it was subject to be determined upon the death of both of them unmarried. But a remainder cannot follow a fee, it follows a particular estate. Since the devise was to take effect upon the determination of the fee, it was an executory devise, and if testatrix's other five children should die and after their death Julia and Kate should die unmarried, there would be no person *in esse* to take the fee upon their death, and the fee will not revert to testatrix or her heirs, but remains, since there is nothing else in the will to show that the intention of testatrix was that the fee should then determine absolutely, and hence the fee would not be cut down, but remain in Kate and Julia. Therefore, in no event, can the child of Lise, now deceased, ever have any estate in the property.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale*, Judge.

AFFIRMED.

*Jones, Jones, Hocker & Davis* for appellant.

(1) Appellant has a vested interest in the reversion under the law. Fearne on Remainders (3 Am. Ed.), pp. 351, 362; Carter v. Barnadiston, 1 P. Williams 515, 3 Bro. P. Cas. 64; Davies v. Speed, Carth. 262; Peterson v. Jackson, 196 Ill. 40; 2 Washburn on Real Prop. (6 Ed.), sec. 1514. (2) Appellant has a vested interest in the remainder under the will. Wordsworth v. Wood, 1 H. L. Cas. 129; Doe v. Prigg, 8 B. & C. 231; Wilson v. Bagby, 3 Brown's Cases Parl. 195; Taafe v. Conmee, 10 H. L. Cas. 64; Fearne on Remainders, p. 351; Schouler on Wills (3 Ed.), secs. 560, 562; Rood on Wills, secs. 580-590; 24 Am. and Eng. Ency. Law, 392, 393; 2 Washburn on Real Prop. (6 Ed.), sec. 1544; Moore v. Lyons, 25 Wend. (N. Y.) 119; In re Twaddle, 110 Fed. 145; In re Haslett, 116 Fed. 680; Appeal of Barker, 3 Atl. (Pa.) 377; Ross v. Drake, 37 Pa. St. 373; Woelpper's Appeal, 126 Pa. St. 568; Martin's Appeal, 185 Pa. St. 51; Nicholl v. Scott, 99 Ill. 529; Grimmer v. Friederich, 164 Ill. 245; Jones v. Waters, 17 Mo. 587; Stone v. Lewis, 84 Va. 474.

(3) The will is to be construed according to the intent of the testatrix gathered from the whole will; and if a word or words used, being susceptible to two constructions, will, if given one meaning, exclude the issue of a deceased child of testatrix, whereas if given another meaning, of which they are reasonably susceptible, such issue will not be excluded, the latter meaning is to be adopted. In this case the words ''my surviving children'' are to be construed as meaning ''my other children.'' Dodge v. Sherwood, 176 Mo. 38; Collier's Will, 40 Mo. 325; Jamison's Exs. v. Bell, 46 Mo. 546; Brown's Estate, 93 N. Y. 295; Wilmot v. Wilmot, 8 Ves. Jr. 10; Cole v. Sewell, 2 H. L. Cas. 227; Lapsly v. Lapsly, 9. Pa. St. 130; Passmore's App., 23 Pa. St. 383; Balsh v. Pickering, 14 L. R. A. 125; Bacon's Estate, 202 Pa. St. 543.

*Schnurmacher & Rassieur* for respondent.

(1) The provision of Maria Taylor's will, that in the event of the marriage of her daughters, Kate and Julia, the property devised to them shall be divided equally among all of the children, is a condition in total restraint of marriage, and, therefore, void. Williams v. Cowden, 13 Mo. 211; In re Cook's Est., 3 Phila. 60; Smythe v. Smythe, 90 Va. 638; Otis v. Prince, 76 Mass. 581; Hoopes v. Dundas, 10 Pa. (10 Barr) 75; Crawford v. Thompson, 91 Ind. 266. (2) The only exception to this rule arises where a devise is made to the widow of the testator, on condition that she does not remarry. Such condition is upheld, in part, on the theory that such a restraint upon a second marriage is not in total restraint of marriage; and, in part, on the theory that the husband is justified in so devising his property to his widow that she and his children alone shall be benefited by it, and that his bounty shall not be shared by a successor. Walsh v. Mathews, 11 Mo. 131; Dumey v. Schoeffler, 24 Mo. 170. (3)

Where a testator devises an estate to his "surviving children," without creating an intermediate or particular estate, the words will ordinarily be construed to mean children living at the time of the death of the testator; but where a particular estate is devised and the remainder is given to the testator's "surviving children," these words are then construed to refer to children of the testator living at the termination of the particular estate; in other words, the language is construed to refer to the period of distribution. Wordsworth v. Wood, 2 Beav. 25, 1 H. L. Cas. 129; Cripps v. Walcott, 4 Madd. 11; Young v. Robertson, 8 Jur. N. S. 825; Pope v. Whitcombe, 3 Russ. Ch. R. 124; Howard v. Collins, 5 L. R. (Eq. Cas.) 349; Newton v. Ayscough, 19 Ves. Jr. 534; Daniell v. Daniell, 6 Ves. Jr. 297; Brograve v. Winder, 2 Ves. Jr. 633; Gibbs v. Tait, 8 Sim. R. 132; Hoghton v. Whitgreave, 1 Jac. and W. 146; Taaffe v. Conmee, 10 H. L. Cas. 64; Blewitt v. Stauffers, 9 L. J. (N. S.) Ch. 209; Olney v. Hull, 21 Pick. 311; Hulburt v. Emerson, 16 Mass. 241; Denny v. Kettell, 135 Mass. 138; Lawrence v. Philipps, 186 Mass. 320; Ballard v. Connors, 10 Rich. Eq. (S. C.) 389; Selman v. Robertson, 46 S. C. 262; In re Winter's Est., 114 Cal. 186; Seddel v. Wills, 20 N. J. L. 223; Holcomb v. Lake, 24 N. J. L. 686; Slack v. Bird, 23 N. J. Eq. 238; Van Tilburgh v. Hollinshead, 14 N. J. Eq. 32; Sinton v. Boyd, 19 Oh. St. 30; Hall v. Blodgett, 70 N. H. 437; DeLassus v. Gatewood, 71 Mo. 371; Ringquist v. Young, 112 Mo. 25; Naylor v. Godman, 109 Mo. 543; Dickerson v. Dickerson, 211 Mo. 483. (4) Where, by will, a particular estate is created, and on its termination the remainder is to go to certain survivors of a class, the survivors take a contingent remainder, which is not a descendible interest. Dickerson v. Dickerson, 211 Mo. 483; DeLassus v. Gatewood, 71 Mo. 371; Olney v. Hull, 21 Pick. 311; Hulburt v. Emerson, 16 Mass. 241; In re Winter's Est.,114 Cal. 186; Pope v.Whitcombe, 3 Russ. Ch. R. 124; Van Tilburgh v. Hollinshead, 14 N. J. Eq.

32. (5) A reversion is the residue of an estate left, by operation of law, in a grantor or his heirs, or in the heirs of a testator, where the grantor or testator has not disposed of his entire interest; and the right of possession of such a reversionary interest commences on the determining of the lesser estate granted or devised. Black's Law Dic., "Reversion." A mere contingent possibility of title, however, is not a reversion, nor is it an estate in property. Such a contingency is a mere possibility and is sometimes termed a "reverter." Washburn, Real Property, star pp. 63, 64; Black's Law Dic., "Reverter."

VALLIANT, J.—Since this cause has been pending in this court the appellant has died, leaving Mary T. Garesche his widow, and Ferdinand T. Garesche, Marie Elise Garesche and Eugenie Terese Garesche, his three children, who are minors and his sole heirs at law, and after due service of *scire facias* on them, Mary T. Garesche has been appointed and qualified as *guardian ad litem* of the minor children and the cause has revived in their names as appellants.

It is a suit to quiet title under section 650, Revised Statutes 1899. The property in question is a lot in block 276 of the city of St. Louis particularly described in the petition. Plaintiff claims to be the absolute owner in fee of the lot. Defendant in his answer claimed an undivided vested interest in the lot under the will of his grandmother Maria Taylor, or an undivided vested interest in reversion as an heir at law to his grandmother. The decree of the court was that plaintiff was the absolute owner of the whole lot in fee and that defendant had no interest in it; from that decree defendant appealed.

The title to an undivided one-third of the lot was vested absolutely in Maria Taylor at the time of her death. The other two-thirds interests have been acquired and are now held by the plaintiff. The plain-

tiff has also acquired and now holds all the interests of all the devisees under the will of Maria Taylor and of her heirs at law except the interest of the original defendant and appellant, William McRee Garesche, if any he had. The decision of the cause will depend on the construction of the will of Maria Taylor, which, or so much of it as bears on the matter in controversy, is as follows:

"1st. I give and bequeath to my children, Rose, Anna, Lise, Von and Groff, the sum of one dollar each.

"2d. All the rest and residue of my property of which I may be possessed at the time of my death, I give and bequeath to my daughters Kate and Julia, in equal parts between them. To have and to hold the same, as hereinafter stated. In case of the marriage or the death of either of my said daughters Kate and Julia, the share of the one marrying or dying shall go to the other.

"In the event of the marriage of both of my said daughters Kate and Julia, said property shall be divided equally among all of my children.

"In event of the death of both of my said daughters Kate and Julia before marriage, said property shall be divided equally among my surviving children."

All the children of testatrix named in the will, seven in number, were living at her death, and all are now living except the daughter Lise, who has since died leaving her only heir the original defendant William McRee Garesche. Neither of the daughters Julia and Kate has yet married.

I. Assuming for the present that it was only a life estate given to the daughters Kate and Julia, with remainder over, was it a vested or a contingent remainder? There are two events forecast in the will according to which the estate given to the two daughters is to cease or determine, to-wit: marriage, and death without marriage—if one should marry and the other not, the estate of the married one is to go to the other, if

both should marry the estate of both is to determine and the property is "to be divided equally among all my children," if both should die before marriage the "property shall be divided equally among my surviving children."

There is not much difference between counsel on the effect of the condition that marriage should cause a forfeiture of the estate. In his answer to the petition the defendant said that he was advised that that feature of the will was void because it was in total restraint of marriage, but appellant now takes the position that that feature of the will is not entirely in restraint of marriage, but only partly so, since by marriage the daughter does not lose all interest in the property but comes in under the clause "all of my children" among whom the property is to be equally divided in the event of the forfeiture of the particular estate by the marriage of both. But the interest which marriage would forfeit, if effect is given to that part of the will, is not compensated by a share with the other children which, as compared with the estate forfeited, is but a small part. The intention of the testatrix, as it very clearly appears, is that the only preference given these two daughters, over all the other children, is to be forfeited if they marry. That feature of the will is in restraint of marriage and is therefore void. The law on this subject received the consideration of this court in an early case and the doctrine there laid down has been the law of this State ever since. [Williams v. Cowden, 13 Mo. 212.] In that case the testator had devised land to his son and daughter with the provision, "if his said daughter should marry or die" the land should go exclusively to the son. The court held that that provision as to marriage was void. In commenting on the subject the court said: "Upon the general proposition, the preservation of domestic happiness, the security of private virtue, and the rearing of families in habits of sound morality and filial

obedience and reverence, are deemed to be objects too important to society to be weighed in the scale against individual or personal will." The only exception to this rule found in our reports is in relation to a will by a husband making provision for his widow during her widowhood. [Walsh v.Mathews, 11 Mo. 134; Dumey v. Schoeffler, 24 Mo. 170.] In the latter case the court referred to Williams v. Cowden and showed how it was distinguished from that case and showed the reason for making an exception in favor of testamentary provisions for widows during widowhood. We hold that so much of this will as attempts to provide that on the marriage of either of these daughters her estate should go to the other and upon the marriage of both the whole property should be divided among all of the children of the testatrix is void. The will is therefore to be construed as if those words were not contained in it. That elimination leaves the will as providing only that in case of the death of either of the two daughters her estate should go to the other, and in case of the death of both before marriage the property should be divided among "my surviving children." The other children have no interest in the event that would cause the estate of one of the two daughters to go to the other; they are concerned only in the event that would cause the particular estate to cease and the property be divided among all the surviving children of the testatrix; that event is the death of both the daughters without either having been married. It is not in restraint of marriage, and therefore not unlawful, for a testator to devise certain property to one of his children and provide that in case the child should die without having been married the property should go to another or others. Provisions of that kind are not uncommon and are legitimate. Under the terms of this will the other children of the testatrix can have no interest in this property until these two daughters die without either having married.

These two daughters, possibly in deference to their mother's wish, have not yet married, but what is more natural than that they should, or more probable than that they will? They would forfeit no interest in the property if they should marry, and if they or either of them should marry it would be the end of all expectation of the other children to take under the will, because then the event on which the remainder depends, that is, the death of both without having been married, could never occur. Is the estate which is to take effect on the death of the two daughters, without having been married, a remainder, and if so is it a vested or a contingent remainder?

Fearne divides contingent remainders into four classes, from which we take two: "I. Where the remainder depends entirely on a contingent determination of the preceding estate: as if A makes a feoffment to the use of B till C returns from Rome, and after such return of C, then to remain over in fee. . . . . IV. Where a remainder is limited to a person not ascertained, or not in being, at the time when such limitation is made: as if a lease be made to one for life, remainder to the right heirs of J. S. who is living; or remainder to the first son of B, who has no son then born; or if an estate be limited to two for life, remainder to the survivor of them in fee." [2 Fearne (4 Am. Ed.), secs. 184-7.] That is to say, the remainder is contingent if the event on which it is to take effect is contingent, or if at the time of creating the estate the person who is to take is not ascertained. Both those contingencies are present in this case; the event on which the remainder, if it be a remainder, is to take effect, that is, the death of both without having been married, may or may never occur; death is certain, but that they will not marry is not certain; and second, which, if either or any of the other children of the testatrix will be living when the particular estate de-

termines is also uncertain. The last proposition depends on whether the words "my surviving children" mean those living at the death of the testatrix or those living at the termination of the particular estate. The use of that term, "surviving children," is very common in wills and the question whether it means children surviving at the death of the testator, or at some other period, has been much discussed and variously decided, but in every case the decision is aimed to meet the intention of the testator in the particular will, as such intention is gathered from the whole will and the circumstances to which it applies. No unvarying rule can be laid down for the interpretation of those words or words of similar meaning, but, subject to exception, when the facts of the particular case require it, the general rule is that if an estate is given by will to the survivors of a class, to take effect on the death of the testator, the word "survivors" means those living at the death of the testator, but if a particular estate is given and the remainder is given to the survivors of a class, the word "survivors" means those surviving at the termination of the particular estate.

There is a learned discussion of this subject in each of the briefs with which we are favored and authorities are there collected and cases discussed. But we do not think it would profit to attempt to review the authorities referred to, since this court has in at least two cases gone over the whole field and laid down the rule as we have above stated it. [DeLassus v. Gatewood, 71 Mo. 371, and Dickerson v. Dickerson, 211 Mo. 483.] We hold that the words "my surviving children" in Maria Taylor's will mean those of her children who might be living at the time when the estate given to the two daughters should determine, that is, on the death of both before marriage; it was therefore uncertain at the death of the testatrix which if either of her children would be living at that time and the remainder, if it is a remainder, is therefore contingent;

Wm. McRee Garesche's mother having only a contingent interest in the estate thus created that interest was extinguished by her death, and therefore her heir has no interest under the will in question.

II.   But suppose both Kate and Julia should never marry and no one of the other children of testatrix should survive them; what then would become of the estate?   If there was a remainder over and no remainderman to take it, it would go back to the estate and descend to the heirs of Maria Taylor.   But would there under the terms of this will be any remainder over? A contingent remainder cannot take effect until the event or the fact on which it depends occurs or comes into existence.   If an estate is devised to A for life, remainder to B when C returns from Rome, if C dies without having returned from Rome there is no remainder.   If an estate is devised to A for life, remainder to the first son born to B, and B should die having no son born to him, there is no remainder.   In those two supposed cases, on the falling in of the life estate what remains would be a reversion, going back to the grantor or his heirs.   But if the particular estate is not a mere life estate, if it is a determinable fee, liable to be cut down on the happening of the event on which the future estate depends, and that event does not occur, then the fee is not cut down and there is no reversion.

The will of Maria Taylor does not in terms give to the two daughters named a life estate; it gives them the property in fee subject to being cut down to a life estate in the event of their death without ever having married.   The language of the will is: "All the rest and residue of my property of which I may be possessed at the time of my death, I give and bequeath to my daughters Kate and Julia in equal parts between them.   To have and to hold the same, as hereinafter stated."   That is to say, it is an absolute estate

except as it might be cut down as thereinafter specified. Under the express terms of our statute, section 4646, Revised Statutes 1899, words of inheritance are not necessary in a will to create an estate in fee; when an estate is granted it is limited or qualified only by words in the will limiting or qualifying it. The only words in this will limiting or qualifying the estate granted are: ''In the event of the death of both of my said daughters Kate and Julia before marriage the said property shall be divided equally among my surviving children.'' Therefore if they or either of them should marry the event on which their estate might be cut down can never occur and their estate will remain absolute.

If the language of this will had been: All the rest and residue of my property I will and bequeath to my daughters Kate and Julia and to their heirs and assigns forever in fee simple, with this conditional limitation however, that is to say, if neither of them should ever marry, the fee is to determine on the death of the survivor of them and the property is to be divided equally among my surviving children, its legal effect would not have been at all different from what it is in the language used.

The will shows the intention of the testatrix to dispose of her whole estate. On the death of the testatrix that fee vested in these two daughters, subject to be determined at their death if they should not have married, but if that event should occur the will did not leave the fee to revert to the heirs of the testatrix but provided how it should go, that is, to ''my surviving children,'' who in that event would take as purchasers, not as heirs. But the will does not expressly provide for one possible event, that is, the death of all her other children before that of the two daughters named and afterwards their death without having been married, but there was no necessity for providing for that event because then one of the contingencies on which the fee

was to determine would not have occurred, that is, there would be no one, to whom the executory devise could apply, to take the fee.

A remainder cannot be limited on a fee even though it be a determinable fee, therefore the devise to take effect on the determination of the fee in this case would not be a remainder, but an executory devise. [2 Washburn R. P. (3 Ed.), sec. 1744; Tiedeman R. P. (6 Ed.), sec. 392.] But an executory devise may be contingent not only on the event that is to determine the fee, but also on the being of the person to take when the event occurs. ''Where the estate is to vest upon an uncertain event or in a person not definitely ascertained, the executory devise is contingent, and partakes of the nature of a contingent remainder.'' [Tiedeman R. P., sec. 386.]

One of the distinctions between a remainder and an executory devise is that a remainder follows a particular estate, while an executory devise follows a fee. [2 Washburn R. P., sec. 1757.] After a particular estate something remains, after a fee nothing; if there be no remainder to go into effect on the determination of the particular estate, or no one to take the remainder, the fee reverts to the grantor or his heirs; if there be no executory devise to take effect on the happening of the condition on which the fee was to determine, or no one to take it, the fee is not cut down but remains, unless there is something else in the will to show that the intention of the testator was that the fee should determine absolutely on the happening of the condition without reference to the devise over.

The intent of the testatrix shown in this will was to dispose of her whole estate, leaving none of it to be disposed of by the Statute of Descents, giving it all to her children; her two daughters named were her first care, but in a certain event the estate given to them was to determine in favor of her other children surviving them. The testatrix did not intend to cut

down the fee on the death of the two daughters, independent of the provision to follow thereupon for her other children. The devise over to the surviving children was the only purpose of determining the fee and if that purpose could not be accomplished the fee would not be determined but would remain as first given and there would be no reversion, therefore if there were no children surviving to take the estate the fee remained in the two daughters. The words "surviving children" as used in this will have the same meaning when the estate over is considered to be an executory devise as they would have if it were a remainder, that is, those children of the testatrix surviving the two daughters to whom the estate is first given. The mother of the original defendant herein having died, her contingent interest in the devise over, whether it be called a remainder or an executory devise, terminated with her death and therefore did not descend to her son.

The trial court had the correct view of the law of this case. The judgment is affirmed. All concur.