ADDIE LEE LEWIS v. HUGH LEWIS III, MALIN LEWIS, JR., EVA LEWIS, ROBERT LEWIS (children of MALIN LEWIS); ROBERT LEWIS, JR., a minor and RAYMOND LEWIS, a minor (sons of ROBERT LEWIS); VIRGINIA CROWLEY (granddaughter of MALIN LEWIS); KATE FRENCH (MRS. J. A. FRENCH) and daughter of HUGH LEWIS, SR., MARIE FRENCH, LOUIS FRENCH and VALIANT FRENCH (children of KATE FRENCH) WARD STANDLEY FRENCH, REID FRENCH, a minor, VIRGINIA FRENCH, a minor (children of VALIANT FRENCH) LOUIS FRENCH, JR. (son of above named LOUIS FRENCH); JOHN RAYMOND PALMER and PAUL MINOR (grandchildren of ELIZABETH PALMER, who was a daughter of HUGH LEWIS, SR.); MRS. L. Z. GREEN, OLLIE ADELINE WILLIAMS, MRS. MARVIN MITCHELL, EVA BELLE WORICK, KATHERIN SWOR (granddaughters of ELIZABETH PALMER, who was a daughter of HUGH LEWIS, SR.); MARIE DALE WILLIAMS and KATHERINE WILLIAMS, minors, (daughters of OLLIE ADELINE WILLIAMS above named), MRS. OTIS WORICK LITTLE (daughter of EVA BELLE WORICK above named), and JAMES HILERY LITTLE, a minor (son of MRS. OTIS WORICK LITTLE); DUVAL SMITH, guardian *ad litem* for above named minors, Appellants. —136 S. W. (2d) 66.

Division One, January 23, 1940.

*Breit & Roberts, L. W. Booher, DuVal Smith* and *William Stone* for appellants.

818

*John T. Harding* and *Harding, Murphy & Tucker* for respondent.

DALTON, C.—This is an appeal from a declaratory judgment entered upon the petition of Addie Lee Lewis to construe the will of Hugh Lewis, Sr., deceased; to determine the effect of a conveyance by the widow and certain surviving children of Hugh Lewis, Sr., to Addie Lee Lewis; and to declare petitioner the owner in fee simple of the real estate described. The petition was filed pursuant to the Declaratory Judgment Act, Laws of Missouri 1935, page 218 (Mo. Stat. Ann., sec. 1097a et seq., pp. 1383-1388). All of the living descendants of both Hugh Lewis, Sr., and his wife are parties to this proceeding. Addie Lee Lewis, a daughter, is plaintiff and all others are defendants. Judgment was entered declaring plaintiff vested with the fee simple title, subject to being divested upon her having

heirs of the body. After motions for a new trial and in arrest of judgment were filed and overruled defendants appealed.

Hugh Lewis, Sr., died testate in the year 1896 in Andrew County, Missouri, seized of real estate and personal property. He left surviving him his widow Adaline Lewis and his children, Hugh Lewis, Jr., Malin Lewis, Elizabeth Palmer, Kate French and Addie Lee Lewis, as his only heirs at law. All of said persons were named as beneficiaries in his will. The provisions of the will are as follows:

By item 1, testator provided for the payment of his debts and funeral expenses.

By item 2, he devised to his "daughter, Elizabeth J. Palmer, for the term of her life, and at her death to the heirs of her body, absolutely," certain described real estate together with a cash legacy.

By item 3, he devised to his "daughter, Kate, wife of Dr. John A. French for the term of her life, and at her death to the heirs of her body, absolutely in fee simple," certain described real estate.

By item 4, he devised to his "daughter, Addie Lewis, for the term of her life, and at her death to the heirs of her body, absolutely," certain described real estate, which is the property described in the petition, and referred to in said deed.

By item 5, he devised to his "son, Malin Lewis, absolutely in fee simple" certain described real estate.

By item 6, he devised to his son, "Hugh Lewis, absolutely in fee simple," certain described real estate.

Items 7, 8, and 9 of the will are as follows:

"Item Seven: I give and devise to my beloved wife, Adaline Lewis, all the remainder of my Estate, real and personal and mixed.

"Item Eight: If any of my children named in this, my last will and testament, shall die without issue living at the time of his or her death, capable of inheriting, then, and in that case, it is my will, that my dearly beloved wife, if living, and such of my said children as may then be living shall take in equal parts all the property by the terms of this will given and devised to such deceased child. If any of my said children shall die and leave children surviving him or her, it is my will that such surviving children shall take in equal parts the property which their deceased father or mother would have taken if he or she were then living."

"Item Nine: In case my daughter, Kate, the wife of Dr. John A. French, should die without issue, and her said husband should survive her, I devise and bequeath to him the promissory note, made, signed and delivered by him to Mary A. Ryan in the sum of Nine Hundred and thirty-one and 50/100 Dollars ($931.50/100) dated St. Joseph, Missouri, September 28th, 1885, which was endorsed by Mary A. Ryan and her husband to the Saxton National Bank, and by said Bank to me on the 20th day of April, 1886, without recourse for a valuable consideration; and in such event I direct my executor to

deliver him said note and to enter satisfaction on the margin of the mortgage record for this one note.''

After the death of Hugh Lewis, Sr., the will was duly filed and admitted to probate in the Probate Court of Andrew County, Missouri, and duly recorded. Thereafter on December 21, 1899, the widow, Adaline Lewis, and the children, Hugh Lewis (Jr.), Malin Lewis, Kate French and Elizabeth Palmer made, executed and delivered a quitclaim deed conveying to Addie Lee Lewis all of their right, title and interest in the lands described in item 4 of the will. Thereafter Hugh Lewis, Jr., died without children. Malin Lewis and Elizabeth Palmer died, each leaving children surviving them. Kate French survives, and is a party defendant in this proceeding, together with her children and grandchildren. Addie Lee Lewis, the daughter of testator, mentioned in item 4 of the will, as Addie Lewis, is still living. She is more than seventy-five years of age and is single, unmarried, and without issue of her body. By this proceeding, and under the facts above stated, she seeks a declaration of her rights and interest in the real estate described.

The trial court found ''that the plaintiff Addie Lee Lewis, by reason of the will of her father Hugh Lewis, Sr., . . . and by reason of deed dated December 21, 1899 . . . did become vested with the fee simple title to the real estate described in the petition, subject to be divested upon the plaintiff, Addie Lee Lewis, having heirs of the body.''

Appellants contend that item 4 of said last will and testament of Hugh Lewis, Sr., created a life estate in Addie Lee Lewis, in the real estate described, with a contingent remainder in fee to the heirs of her body; that item 4 ''cannot stand alone, but must be read in connection with the eighth item of said will, and when so read, conveys to the said Addie Lee Lewis a life estate in the land described in item 4, with a contingent remainder in fee to the heirs of her body, and if said Addie Lee Lewis shall die without issue living at the time of her death, capable of inheriting, then, in that case, title to said lands would vest in the widow, if then living, and such of the testator's children as may be then living, and the children of such of testator's children as may then be dead.'' In other words, appellants contend that items 4 and 8 when read together create ''a life estate in said lands in respondent, with a contingent remainder in fee to the heirs of her body, with an alternative contingent remainder in fee in a second class of remaindermen, designated in the eighth item of said will.''

Appellants' position is that the grantors in the said quitclaim deed had no vested interest in the real estate described; that their interest, if any, was contingent (1) upon the death of respondent without issue and contingent (2) upon their surviving the respondent; that said deed transferred no interest to respondent; that ''there are

parties to this suit who qualify as the second class or alternative remaindermen . . . and who were not parties to said deed" or bound thereby; and that respondent's interest in the said real estate is limited to a life estate.

Appellants rely upon certain authorities which hold that, although a remainder cannot be limited after a fee, such rule does not forbid the creation of limitations variously called contingencies or alternative or substitutional remainders, whereby two or more remainders in fee simple are created as substitutes or alternatives, the one for the other, that is, on such contingency that only one of the remainders can possibly vest. [21 C. J. 988, sec. 140; 69 C. J. 583, sec. 1660; 69 C. J. 655, sec. 1749.]

Appellants cite cases dealing with situations where a life estate has been given, with a remainder in fee to the heirs of the body of the life tenant, and in default of such heirs, to alternative remaindermen. [Hartnett v. Langan, 282 Mo. 471, 222 S. W. 403; Tevis v. Tevis, 259 Mo. 19, 167 S. W. 1003; Schee v. Boone, 295 Mo. 212, 243 S. W. 882; Cox v. Jones, 229 Mo. 53, 129 S. W. 495; Sullivan v. Garesche, 229 Mo. 496, 129 S. W. 949; Norman v. Horton, 344 Mo. 290, 126 S. W. (2d) 187.]

The will of Hugh Lewis, Sr., was before this court for construction in the case of Palmer v. French, 326 Mo. 710, 32 S. W. (2d) 591. Items 6 and 8 were particularly under consideration then. At that time this court said (326 Mo. 710, 32 S. W. (2d) 591, 595):

"We think that testator intended by the first part of item 8 to provide alternative beneficiaries to take the property devised to any of his children who might predecease him without leaving issue to represent them at the time of the taking effect of the will, and that he did not intend thereby to cut down, limit, or qualify any of the estates theretofore specifically and expressly created and devised; that the words 'die without issue living at the time of his or her death' should here be held to refer to death during the lifetime of testator, and therefore the son, Hugh Lewis, Jr., having survived his father, the testator, took an indefeasible estate in fee simple in the land described in the sixth item of the will."

In the present case we must consider item 8 of said will with reference to the devise to Addie Lee Lewis under item 4 of the will. Appellant contends that our holding in the case of Palmer v. French, supra, is not decisive here, because the devise to Hugh Lewis, Jr., under item 6, was in fee simple, while the devise to respondent Addie Lee Lewis under item 4 is of a life estate.

■ "The keystone of construction in determining the meaning of any will is the intent of the testator. This intent must be gathered from the whole will. The instrument must be read and considered as a whole in determining the intent and purpose as the testator has attempted to express such intent and purpose in divers portions

of the instrument. When the intent of the testator is found, the proper construction of the will is solved.'' [McMillan v. Barnard Free Skin & Cancer Hospital, 304 Mo. 635, 264 S. W. 410, 413; Humphreys v. Welling, 341 Mo. 1198, 111 S. W. (2d) 123, 125.] The rule referred to is established both by statute and by judicial construction. Section 567, Revised Statutes 1929 (Mo. Stat. Ann., sec. 567, p. 344) provides that ''courts and others concerned in the execution of last wills shall have due regard to the directions of the will, and the true intent and meaning of the testator.'' Section 1557, Revised Statutes 1929 (Mo. Stat. Ann., sec. 1557, p. 1736) prohibits partition of lands ''contrary to the intention of the testator'' expressed in his will.

The intention of the testator as gathered from a consideration of the entire instrument must be given effect, if such intention is not contrary to public policy or established rules of law. [St. Louis Union Trust Co. v. Hill, 336 Mo. 17, 76 S. W. (2d) 685, 686; Bates v. Bates, 343 Mo. 1013, 124 S. W. (2d) 1117, 1119; Hannibal Trust Co. v. Elzea, 315 Mo. 485, 286 S. W. 371, 375.]

In the former opinion of this court, in discussing the intent of the maker of this will, this court said (326 Mo. 710, 32 S. W. (2d) 591, 595): ''In the ninth item of the will we find the testator directed that, 'in case my daughter Kate, the wife of Dr. John A. French, should die without issue and her husband should survive her,' the executor was to deliver to French a certain promissory note. It cannot be urged that the reference here is to the death of Kate French at any time it might occur, either before or after the death of testator, for clearly the reference is to death occurring before testator's death and the taking effect of the will, and we think the testator could have had no different contingency in mind when he used the langauge 'die without issue living at the time of his or her death' in the eighth item of the will. Upon examination of the whole will we do not find any language of the testator clearly indicating, or from which, we think, it may be properly and reasonably inferred, that by the eighth item of the will he referred to the death of his children after his own decease. . . . The will on its face manifests a clear, orderly, and natural scheme of disposition. By the first seven items of the will the testator disposed of all his property. He devised to each of his three daughters a life estate in certain land, with remainder in each instance 'to the heirs of her body;' he devised to each of his two sons a fee-simple estate in certain land; he devised and bequeathed to his wife all the residue of his estate, which included all his personal property except $500, which had been bequeathed to one of his daughters in addition to a life estate in certain lands. Thus he gave his entire estate to parties *in esse* and capable of taking, and who constituted his own family. We assume he made such division thereof as he considered just and equitable. In the event any

of his children should predecease him without issue living, he incorporated the first part of item eight in his will.''

After a careful consideration of the entire will, and of item 8 in connection with item 4, we think the court, in the said opinion, arrived at a proper conclusion with reference to the intention of the testator as expressed in item 8, to-wit, that item 8 was intended to apply only in case any of testator's children should predecease him.

It is important to notice that by item 4 of the will the testator made two separate devises: (1) a devise of a life estate to Addie Lee Lewis and (2) a devise of a remainder in fee to the heirs of her body. The remainder in fee in the real estate described was not by item 4 devised to his daughter, Addie Lee Lewis, or to any other child of the testator. The remainder in fee in the real estate described was clearly intended for other persons, to-wit, ''the heirs of her body.''

Item 8 makes provision, first, if any of testator's children named in his will should die ''without issue living,'' and, second, if any of his children die ''leaving children surviving him or her.'' Under the first subdivision of item 8, testator named substitute beneficiaries ''the property *by the terms* of this will given and *devised to such deceased child.''* This subdivision therefore could apply only to an interest which would survive the death of such child. Testator could not mean to name alternative beneficiaries to take an estate for the life of a child already deceased. Item 8 does not purport to name alternative beneficiaries for devises made by the will to his widow or ''to the heirs of the body'' of any of his children. The second subdivision of item 8 provided substitute beneficiaries for such of his children as should die and ''leave children surviving him or her.'' It expressly provides that ''such surviving children'' of his deceased children should take in equal parts the property which their deceased father or mother *''would have taken* if he or she were then living.'' We think the second part of item 8, including the words ''would have taken,'' is a further expression of testator's intention that item 8 provide alternative beneficiaries only for such of his *children* as might predecease him. Since all of his children named in his will did survive him and took under the provisions of the will, there was no property to be affected by the words ''would have taken if he or she were then living.''

The sole interest devised to Addie Lewis by item 4 was an estate ''for the term of her life.'' She survived the testator and took the interest devised to her. Her rights and interest in the real estate, under item 4 of the will, will be fully exhausted at her death. Even if it be considered that the first subdivision of item 8 be operative subsequent to the death of the testator, and at the death of Addie Lee Lewis, still, ''all the property *by the terms of this will given and devised* to such *deceased child''* will have been exhausted at her death, and no part of the estate, devised to her by the terms of the

will, will be available to be divided "in equal parts" to others. [See Carter v. Boone County Trust Co., 338 Mo. 629, 645, 92 S. W. (2d) 647, 653.] No provision was made by item 8 for any alternative contingent remainder in fee in a second class of remaindermen, who should take the remainder in fee, if this devise lapses for want of heirs of the body of Addie Lee Lewis to' take thereunder.

We hold that in determining the present interest of respondent in the real estate described, that the eighth item of the will is not applicable. We affirm the holding in Palmer v. French, supra, that item 8 was intended to apply only in case any of testator's children should predecease him.

In view of the conclusions we have reached with reference to item 8, the authorities upon which appellants rely are inapplicable and Section 3109, Revised Statutes 1929 (Mo. Stat. Ann., sec. 3109, p. 1937) is also inapplicable. No "remainder in lands" is limited, by the will under consideration, to take effect on the death of the life tenant without bodily heirs. The will makes no provision for a second class of remaindermen, or in the alternative, in default of issue of the life tenant.

Appellants contend that "where a testator devises to a beneficiary an estate for life with remainder to the heirs of his body or to his heirs, followed by a clause or provision that if the life tenant dies without issue surviving, then to others, the words 'without issue surviving' refer to the death of the life tenant whenever it may occur." In cases of the type cited by appellants, in default of issue of the life tenant, the alternative remaindermen take the contingent remainder in fee by the force of the grant. They take only in the 'event that they survive the life tenant and in the event that the life tenant dies without issue. If prospective alternative contingent remaindermen die before the life tenant their heirs at law do not inherit an interest from them, and if they have attempted to convey the contingent remainder, their grantees take nothing by the deed. The cases are not applicable under the facts of this case.

Having reached the conclusion that the interest of appellants and respondent in the real estate described is in no wise affected by the provisions of item 8 of the will, we must consider items 4 and 7 of the will, and the quitclaim deed to respondent, in order to declare the rights and interest of respondent in the real estate described.

We are of the opinion that the remaining issues in this case are controlled by the case of Hyde v. Hopkins, 317 Mo. 587, 296 S. W. 382, and the cases therein reviewed, particularly Gillilan v. Gillilan, 278 Mo. 99, 212 S. W. 348, and Collins v. Whitman, 283 Mo. 383, 222 S. W. 840. The determination of the case of Hyde v. Hopkins, turned primarily upon the construction of the will of Richard S. Hyde, a will having provisions similar to the one before us. By item 2 of his will testator devised to his daughter "Ann Elizabeth Hyde and to her

bodily heirs all of the home tract of land'' and other real estate. By clause 3 testator devised ''the remaining portion'' of his estate to be equally divided among his five sons. Said sons survived the testator and thereafter executed a conveyance of the lands, described in clause 2 of the will, to their said sister Ann Elizabeth Hyde. Thereafter one of the said sons died intestate, leaving children who were the plaintiffs in said cause. Thereafter Ann Elizabeth Hyde devised the said lands, described in clause 2 and in said conveyance, to defendant and died leaving no heirs of the body. It was contended by plaintiffs ''that the deed made to Ann Elizabeth Hyde by her five brothers was wholly ineffectual so far as concerned Henry C. Hyde, the father of plaintiffs, who died before the death of Ann Elizabeth Hyde.'' Plaintiffs claimed a one-fifth interest in the property. The court denied this contention and a judgment for the defendant, the devisee under the will of Ann Elizabeth Hyde, was affirmed. The court in that case reviewed the facts in the Gillilan, Collins and other cases, and then said (317 Mo. 587, 296 S. W. 382, 385): ''The Gillilan and Collins cases were decided upon the theory that in each of them the original testator 'had a right, not a mere possibility of reversion, after carving out so much of his estate as was devised through' a clause of the will creating a life estate, with a remainder in fee to a certain class of heirs of the body of the life tenant. It was this right, and not a mere possibility of reversion, which the five sons of Richard S. Hyde took from him upon his death, whether they be regarded as residuary devisees under the third clause of his will, or as his only heirs other than Ann Elizabeth Hyde, the life tenant. It was this right which Henry C. Hyde and his brothers conveyed by their warranty deed, and it was a right and an interest which was alienable. [McFarland v. Bishop, 282 Mo. 534, 222 S. W. 143; Schee v. Boone, 295 Mo. 212, 243 S. W. 882.] It was a vested contingent interest, which was never divested, but became absolute in the grantee, in this case the life tenant. In this respect the case differs from most of the cases upon which counsel relies. Most of them were cases wherein an heir apparent of the body of the life tenant made the deed in question and died leaving heirs of the body, the life tenant being still alive.''

We think the holding in said case of Hyde v. Hopkins is correct and is decisive here.

Reviewing the facts before us, we find that item 4 of the will devises the real estate described to respondent ''for the term of her life and, at her death, to the heirs of her body, absolutely in fee simple.'' Respondent, therefore, took a life estate in said real estate with a remainder in fee unto those who should prove to be heirs of her body at her death. [Sec. 3110, R. S. 1919 (Mo. Stat. Ann., sec. 3110, p. 1938).] The remainder in fee was contingent or executory since the estate in remainder was limited to take effect upon

an uncertain event, to-wit, respondent having heirs of the body, and to uncertain persons, to-wit, those who should be the heirs of her body at her death. [For definition, "contingent remainder," see, Norman v. Horton, 344 Mo. 290, 126 S. W. (2d) 187, 191 (9).] After the devise of this real estate by item 4 of his will Hugh Lewis, Sr., had a vested right of reversion therein. [For definition, "reversion," see, Norman v. Horton, supra, 344 Mo. 290, 126 S. W. (2d) 187, 189(1).] This reversionary estate was the subject of a valid devise under item 7 of the will. [Gillilan v. Gillilan, supra.] Item 7 provides, "I give and devise to my beloved wife, Adaline Lewis, all the remainder of my estate, real and personal and mixed." The reversionary estate, transferred by this residuary clause, was a vested interest but subject to being divested in the event that respondent was survived at her death by "heirs of her body." Upon the death of testator the reversionary interest in fee, in the real estate described, vested in the widow Adaline Lewis, subject to the life estate and the contingent remainder devised under item 4 of the will. [Hobbs v. Yeager (Mo.), 263 S. W. 225, 227; Gillilan v. Gillilan, supra; Collins v. Whitman, supra; Hyde v. Hopkins, supra.]

There is no question here as to the testator dying intestate as to a part of his property in the event that respondent dies without heirs of the body, since the will shows a definite intent of the testator to dispose of all of his property. After devising his property by the various provisions of the will, including the contingent remainders in fee under items 2, 3 and 4 of the will, he, by item 7, expressly devised all of the residue of his property real, personal and mixed to his wife Adaline Lewis. The reversionary interest in said real estate, which, by reason of item 7 of the will became vested in the widow Adaline Lewis, was the proper subject of conveyance by deed, and it was conveyed by deed by the said Adaline Lewis in her lifetime to respondent, in whom it is now vested. [Hyde v. Hopkins, supra; Hobbs v. Yeager, supra.] The interest conveyed to respondent was a vested interest, subject to being divested upon certain conditions, but it has not been divested, and will not be divested, except in the event that respondent is survived by heirs of the body. In the case of Hyde v. Hopkins, supra, where the life tenant, who was also the owner of the vested reversionary interest in fee subject to the contingency, died without heirs of the body, it was held that the fee passed by the will of such life tenant and owner of the reversion in fee to a devisee, the defendant in said cause.

We hold that respondent has a life estate in the real estate described and a vested reversionary interest in fee, which reversionary interest in fee is subject only to being divested in the event of respondent's death, leaving surviving her, heirs of her body. The estate which respondent has is, in effect, a fee simple title which she may transfer by deed or will or which will pass by descent, and

which fee simple title will be defeated only in the event that at her death respondent is survived by heirs of her body.

The judgment is affirmed. *Hyde* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.