Arch B. Davis, Executor of the Estate of W. W. Davis ET AL., Plaintiffs-Respondents, v. W. E. Austin, Administrator with the Will annexed of the Estate of E. M. Harber ET AL., Defendants-Respondent, A. M. Dockery, Intervenor-Appellant.—156 S. W. (2d) 903.

Division Two, December 16, 1941.

*Ruth C. Woodruff* and *George E. Woodruff* for appellant.

*Paul D. Kitt* and *James W. Davis* for respondents.

TIPTON, P. J.—The appellant filed a motion to allow him to intervene in the case of Arch B. Davis, Executor of the estate of W. W. Davis, deceased, et al., v. W. E. Austin, administrator with the will annexed of the estate of E. M. Harber, deceased, et al., pending in the Circuit Court of Livingston County, Missouri. This motion was filed after the trial court had entered a judgment determining title to the land described in count one of the plaintiffs' petition, and had also entered an interlocutory judgment of partition under count two of the plaintiffs' petition. This motion stated the facts showing the appellant's interest to a part of the land described in plaintiffs' petition. The plaintiffs and defendants filed separate motions to strike appellant's motion, which were sustained by the trial court for the reason that the facts stated in appellant's motion to intervene show he has no interest in the land in controversy. From this action of the trial court the appellant has appealed to this court.

A. M. Dockery is the common source of title to that part of the land described in plaintiffs' petition in which appellant claims to have an interest. The essential facts as stated in appellant's motion are, that by his two deeds dated June 24, 1901, Alexander Dockery conveyed a portion of the land in controversy to Nancy E. Woldridge (his daughter). On October 4, 1902, Nancy E. Woldridge conveyed these lands to Allie M. Hunter and the heirs of her body. The grantee in this deed was the daughter of the grantor. In other words, the grantee was the granddaughter of Alexander Dockery. On February 26, 1902, Alexander Dockery conveyed to Allie M. Hunter and her bodily heirs, the balance of the land in which appellant claims to have an interest. Plaintiffs and defendants are the remote grantees of Allie M. Hunter. Appellant claims a one-sixth interest in the land as heir of Alexander Dockery and Nancy E. Woldridge.

W. J. Dockery was the father of the appellant and a brother of Alexander Dockery. Alexander had but one child, Nancy Elizabeth, who first married one John Woldridge, and later one John J. Moore. Nancy Elizabeth had but one child, Allie M., who was a child of the first marriage. Allie M. first married one Hunter and later one Neyer. She in turn had but one child, and that by the first marriage, who was named Edwin, commonly called "Lexie" Hunter. Appellant is the only child of W. J. Dockery.

Appellant in his motion states that he is unable to give the exact dates of the deaths of the above named persons but does state that they occurred in the following chronological order: "Mahala M. Dockery died first (she was the wife of Alexander Dockery); Alexander Dockery died next; Nancy Elizabeth Moore died next; Edwin Hunter died next; and Allie M. Hunter died next." W. J. Dockery died after Allie M. Hunter and was survived only by the appellant. Allie M. Neyer died without heirs of her body surviving, and Edwin Hunter had no children.

The residuary clause of the will of Alexander Dockery is as follows: "And the remainder of my estate I direct to be divided equally between my daughter Nancy E. Moore and my granddaughter, Allie M. Hunter."

The residuary clause of the will of Nancy E. Moore is as follows: "And all the balance of any nature of which I may be possessed, I hereby will and bequeath to my daughter, Allie M. Hunter."

The two deeds conveying this land to Allie M. Hunter and the heirs of her body and to Allie M. Hunter and her bodily heirs would have created an estate tail at common law, which was converted into a life estate in the first taker, Allie M. Hunter, with a remainder in fee to those who should prove to be the heirs of her body at her death under Section 3498, R. S. Mo. 1939. [Williams v. Reid, 37 S. W. (2d) 537; Willhite v. Rathburn, 332 Mo. 1208, 61 S. W. (2d) 708.]

Plaintiffs and defendants contend that under these deeds, Allie M. Hunter had a life estate and the reversionary interest in the two grantors, Alexander Dockery and Nancy E. Moore, which was subject to be divested if Allie M. Hunter had an heir of her body alive at the time of her death. But since her only child predeceased her, she took the reversionary interest under the residuary clauses of the wills of Alexander Dockery and Nancy E. Moore, and as the plaintiffs and defendants are remote grantees of Allie M. Hunter, the fee is in them.

To sustain their position, the plaintiffs and defendants rely upon our recent case of Lewis v. Lewis et al., 345 Mo. 816, 136 S. W. (2d) 66, which was a declaratory action to construe the will of Hugh Lewis, Sr. By item 4 of his will, he devised to "his daughter, Addie Lewis, for the term of her life, and at her death to the heirs of her body absolutely," certain described real estate. Besides his daughter, Addie Lewis, the testator was survived by his widow, Adaline Lewis and his children, Hugh Lewis, Jr., Marlin Lewis, Elizabeth Palmer, and Kate French. The above named children and widow executed and delivered a quitclaim deed to Addie Lewis conveying all of their right, title and interest in the land described in item 4 of the testator's will. In determining the interest of Addie Lewis in the land described in item 4 of the will, we held that she "has a life estate in the real estate described and a vested reversionary interest in fee, which reversionary interest in fee is subject only to being divested in the event of respondent's death, leaving surviving her, heirs of her body. The estate which respondent has is, in effect, a fee-simple title which she may transfer by deed or will or which will pass by descent, and which fee-simple title will be defeated only in the event that at her death respondent is survived by heirs of her body." [Lewis v. Lewis, 345 Mo. 816, l. c. 827, 136 S. W. (2d) 66, l. c. 72.]

Appellant contends that the Lewis case is not in point, because in that case there never was a child born to the life tenant, while in the case at bar there was a child, Edwin Hunter, born to the life tenant, Allie M. Hunter. He makes this contention even though Edwin Hunter predeceased his mother, and she therefore died without leaving bodily heirs.

Appellant contends that the grantors in the deeds to Allie M. Hunter did not have a reversionary interest in the land deeded because a child was born to the grantee; therefore the grantors only had a possibility of a reverter. Since at common law a possibility of a reverter is not an estate, it did not pass under the will of the grantors, Alexander Dockery and Nancy E. Moore, but descended to their heirs, and he is one of their heirs through his father, W. J. Dockery.

A possibility of reverter is where a deed conveys a base fee determinable on a condition subsequent which may or may not eventuate; the effect of it is to immediately vest the whole fee title in the grantee, subject to be defeated by breach of the conditions and re-entry by the grantor and his heirs. Under the common law, this interest is not an estate, but is inalienable, unassignable, and cannot be devised, but is descendible. [University City v. Chicago, R. I. & P. Ry. Co., 347 Mo. 814, 149 S. W. (2d) 321, l. c. 324. See also, 21 C. J. 1017, section 180.]

The deeds in question did not convey the whole estate that the grantors had subject to be divested upon the happening of the event that the grantee died without bodily heirs. These deeds conveyed only a life estate to the grantee. Under Section 3498, supra. Since the whole estate of the grantors was not conveyed, but only a life estate, the grantors' interest does not come within the definition of a "possibility of reverter." Their interest comes within the definition of a reversion as defined in the case of Norman v. Horton, 344 Mo. 290, 126 S. W. (2d) 187, l. c. 189, which is as follows:

" 'An estate in *reversion* is the residue of an estate left in the grantor, to commence in possession after the determination of some particular estate granted out by him.' . . . Among the characteristics of the estate are: It is derived from the foedal constitution. It arises by operation of law; never, as a remainder, by deed or writing or act of the parties. Being the residue of an existing estate, it remains vested in the sense of a present fixed right of enjoyment *in futuro.*"

We have already said that Allie M. Hunter took a life estate by the deeds in question. The reversion was in the grantors Alexander M. Dockery and Nancy E. Moore, which descended to Allie M. Hunter by the residuary clauses of their wills, but was to be divested on the contingency of her being survived by an heir of her body. This never happened because she died leaving no bodily heirs. "A man does not have heirs until he dies." [Gardner v. Vanlandingham, 334 Mo. 1054, 69 S. W. (2d) 947, l. c. 950.]

This case is governed by the case of Lewis v. Lewis, supra, and therefore we hold the facts as stated in appellant's motion do not show that he has an interest in the land in question as being an heir of Alexander Dockery and Nancy E. Moore.

The appellant contends there is another reason stated in his motion as to why he should be allowed to intervene, and that is, he is the assignee of tax certificates issued to A. G. Campbell and J. C. Whorton in the year 1936. Also, he was the purchaser of tax certificates in the year 1937, and has at least a lien on the entire tract of land.

The object of the suit filed by the plaintiffs is to ascertain and determine the title and interest of the plaintiffs and defendants and to partition the property among the owners as ascertained. The object and purpose of the appellant in this part of his motion is to have him declared the sole owner of the property, or at least have him declared to be the owner of a lien on the entire property and therefore to defeat the interests of both plaintiffs and defendants. Plaintiffs and defendants contend that appellant cannot assert such claims by intervention, but such claims must be asserted by an original and independent suit.

"We think this contention must be sustained. Intervention is defined as 'a proceeding in a suit or action by which a third person is permitted by the court to make himself a party, either joining plaintiff in claiming what is sought by the complaint, or uniting with defendant in resisting the claims of plaintiff, or demanding something adversely to both of them.' [Black's Law Dict. 651; 33 C. J. 477; Rocca v. Thompson, 223 U. S. 317, 32 Sup. Ct. 207, 56 L. Ed. 453.] If there is a fund, in the custody of the court to be distributed, which each of two parties claim, it is, of course, fundamental that any other party may be entitled to intervene and make a claim to it against both of the original parties. It is also true that, in matters concerning trust relations, a *cestui que trust*, who is not a party to an action between a trustee and a third person, may intervene by showing the court that it is necessary to make him a party to protect his interest. In either case, such an intervener might claim against both of the original parties. [21 C. J. 344, sec. 342.] With these two exceptions the courts strive 'to maintain the integrity of the issues raised by the original pleadings and to keep newly admitted parties within the scope of the original suit. . . . The injection of an independent controversy by intervention is improper. If a person desires to set up a new and independent claim to the subject matter of the suit it must be done by an original bill; it cannot be done by an intervening petition.' [21 C. J. 343, sec. 341.]" [Monticello Bldg. Corporation v. Monticello Inv. Co., 330 Mo. 1128, 52 S. W. (2d) 545, l. c. 550.]

1102

To sustain his position, appellant cites the case of Byars v. Howe, 311 Mo. 14, 276 S. W. 43. That case was expressly overruled by the case of Renard v. Butler, 325 Mo. 961, 30 S. W. (2d) 608. Since appellant claims that he is the sole owner of the land, this claim is adverse to the contentions of both plaintiffs and defendants, and he has no right to intervene in this action, but must prosecute his claim in an independent action.

From what we have said, it follows that the action of the trial court should be affirmed. It is so ordered. All concur.