**CENTRAL HARDWARE COMPANY, Plaintiff–Respondent,**

v.

**ABNEY'S TOWING COMPANY, Defendant,**

**and**

**Mary L. Jameson, Personal Representative of the Estate of Cecil E. Jameson, Deceased, Intervenor–Appellant.**

No. 55191.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 1, 1989.

M. Edmund Williams, Hillsboro, for intervenor-appellant.

Lynn Chipperfield, St. Louis, for plaintiff-respondent.

GRIMM, Presiding Judge.

In this replevin action, the trial court sustained Central Hardware Company's motion for judgment on the pleadings. Mary L. Jameson, personal representative of the Estate of Cecil E. Jameson, appealed. Finding there is a material issue of fact in dispute which prevents the granting of the motion, we reverse and remand.

Pleadings, exhibits, and documents in the legal file disclose the following information. On April 7, 1984, Cecil E. Jameson was arrested and charged with attempting to receive stolen property. Apparently at the time of his arrest, he was in his pickup truck. Law enforcement officers seized numerous items from his truck, and from two storage bins he apparently rented. The seized items were ultimately stored with Billy L. Abney, d/b/a Abney's Towing Company.

Cecil E. Jameson died on December 24, 1984. At that time, the criminal charges were still pending; and the seized property was still at Abney's. On February 6, 1985, Mary Louise Jameson was appointed personal representative of Jameson's estate in Stoddard County.

On February 13, 1985, Central filed a petition in replevin against Abney's. In its petition, Central claimed that some of the seized items were "products stolen by Jameson or by his associates from Central Hardware and are lawfully the property of Central Hardware." Central also pled that it "has a right to possession [sic] designat-

ed property superior to that of any other party." Abney's did not file an answer to the petition.

On May 16, 1985, Central filed its replevin bond; a writ of replevin and an order of delivery were then issued. On May 21, pursuant to the order, the sheriff removed the items from Abney's and delivered them to Central.

Jameson's estate filed a motion to intervene as a matter of right under Rule 52.-12(a)(2) on August 28, 1985. Attached to the motion was "Intervenor's Answer to Plaintiff's Petition in Replevin," which also contained a two count "Cross Petition in Replevin." Copies of these pleadings were mailed to Central and Abney's on August 28, 1985.

In its answer to Central's petition, the estate denied that (1) the items were stolen by Jameson or his associates and are Central's property, (2) Central's right to possession was superior to that of any other party. In addition, the estate affirmatively pled that its "right to possession of the property in dispute is superior to that of any other person."

Nothing in the record before us indicates that any objections to the motion to intervene were filed. On October 18, 1985, the estate was granted leave to intervene as a matter of right. Central filed its answer to the estate's cross-petition on May 18, 1988; Abney's did not file a response.

The attorneys for Central and the estate appeared before the trial court on May 23, 1988. Although the record is unclear, we assume that the case was for trial that day. As the proceedings began, Central's attorney filed a motion for judgment on the pleadings based on its petition in replevin. The motion sought judgment in favor of Central and against Abney's. The estate's answer to Central's petition was not mentioned in the motion, nor was any relief sought against the estate.

Central presented no evidence to refute the estate's allegations in its answer to Central's petition. The trial court granted Central's motion for judgment on "its petition and against Abney's." The court then took up the estate's cross-petition in replevin against Central. The trial court entered judgment for Central and against the estate. Findings of fact and conclusions of law were neither requested or entered.

The estate's first point on appeal asserts that "[t]he court erred in granting [Central's] motion for judgment on the pleadings with respect to [Central's] petition in replevin because [the estate] had properly intervened in that action and had answered [Central's] petition, contesting [Central's] allegedly superior right to possession of the property in issue...."

We look first at the status of the estate as an intervenor. " 'Intervention is defined as "a proceeding in a suit or action by which a third person is permitted by the court to make himself a party, either joining plaintiff in claiming what is sought by the complaint, or uniting with defendant in resisting the claims of plaintiff, or demanding something adversely to both of them." ' " *Young v. Pressgrove,* 355 Mo. 204, 195 S.W.2d 516, 518 (Div. 1 1946) (quoting *Davis v. Austin,* 348 Mo. 1094, 156 S.W.2d 903, 906 (Div. 2 1941) (quoting BLACK'S LAW DICTIONARY 651)).

Central filed the original replevin action against Abney's only. When the estate was allowed to intervene, however, its rights *"thereafter [became] as broad as those of any other parties to the action."* *Beard v. Jackson,* 502 S.W.2d 416, 419 (Mo.App.E.D.1973) (emphasis original); *see also City of St. Joseph v. Hankinson,* 312 S.W.2d 4, 7 (Mo.Div. 2 1958); 7C C. WRIGHT, A. MILLER, & M. KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL, § 1920 (2d ed. 1986). "Having been permitted to become a party in order to better protect his interest, an intervenor is allowed to set up his own affirmative cause or defense appropriate to the case and his intervention." *Beard, supra* at 419.

Here, the estate filed an answer to Central's petition. The answer asserted the estate's right to possession and specifically denied Central's assertions of its superior right to possession. The denial "puts in issue the plaintiff's ownership or title and his right of possession and also the wrong-

ful detention as alleged by the defendant and puts plaintiff to proof of facts showing his title and ownership and right to possession and of every other fact necessary to be proved by him." *Berry v. Adams,* 71 S.W.2d 126, 130 (Mo.App.W.D.1934); *Ball v. Davis,* 107 S.W.2d 87, 88 (Mo.App.S.D. 1937); *see also Steffen v. Long,* 147 S.W. 191, 192 (Mo.App.E.D.1912).

The rules for reviewing a judgment on the pleadings are well settled. "The word 'pleadings' is plural, and the motion cannot be considered as made on the pleadings where it is made on one pleading alone." *Helmkamp v. American Family Mut. Ins. Co.,* 407 S.W.2d 559, 565 (Mo.App.S.D. 1966). Thus, "before such a motion may be granted, *all* the averments in *all* the pleadings must show there exists no material issue of fact and that simply a question of law is presented." *Id.* (emphasis original); *see also First Nat'l Bank of Clayton v. Trimco Metal Prod. Co.,* 429 S.W.2d 276, 277 (Mo.Div. 2 1968).

The estate's answer, denying that Central had either ownership or right to possession of the property, as well as the estate's affirmative allegation of its superior right to possession, established a "material issue of fact." As a result, the motion for judgment on the pleadings was erroneously granted.

The estate also appeals the denial of its cross-claim against Central for possession of the property. The trial court granted Central's replevin action before proceeding with the estate's cross-claim. In view of our ruling that Central has not established its right to possession of the property, it is necessary for us to reverse and remand the judgment entered on this cross-claim.

The judgment in favor of Central and against Abney's on Central's petition is reversed and remanded, as is the judgment in favor of Central on the estate's cross-claim.

GARY M. GAERTNER and KAROHL, JJ., concur.