JAMES A. WATKINS, Respondent, v. JOHN W.
    DONNELL et al., Defendants; CHARLES W.
    BARTLETT, Assignee of JOHN W. DONNELL,
    Intervener, Appellant.·

St. Louis Court of Appeals, April 6, 1915.

1. INTERVENTION: Right to Intervene. Whether intervention be
   permitted with respect to the ownership of a claim allowed
   against an estate being administered by a receiver is a matter
   resting, to a great extent, in the sound judicial discretion of
   the court, and its action should not be set aside except for a
   manifest abuse of that discretion; the principle involved being
   much the same as in cases where it is sought to have a default
   judgment set aside, and there should, at least, be both a
   showing of proper diligence and a meritorious claim.

2. ———: ———: Time for Intervention. The general rule is,
   that one coming in as an intervener must take the case as he
   finds it and cannot delay the trial of the cause, and that inter-
   vention comes too late after the trial begins and a fortiori
   after judgment.   ·

3. ———: ———: ———: Facts Stated. After the allowance of
   a claim in favor of one Donnell against a corporation whose
   property and estate were being administered by a receiver,
   two intervening petitions were filed, in which the claimants
   prayed that the amount of such allowed claim be ordered paid
   to them as judgment creditor and assignee, respectively, of
   Donnell. The court sustained the intervening petitions and
   ordered the receiver to pay the interveners any dividends pay-
   able on the allowed claim, in the proportion of five-sixths and
   one-sixth. Thereafter one Bartlett filed a motion to set aside
   the order directing payment to the interveners and for leave to
   file an intervening petition, in order that he might be heard as to
   his rights. The motion set out that mover is the assignee of
   a two-thirds interest in the allowed claim; that the assignment
   was made in good faith and for a valuable consideration and
   antedated the judgment of the inter\ener to whom five-sixths
   of the dividend on the claim had been awarded; that owing to
   mover's advanced age and poor health, he relief upon Donnell
   to take the necessary steps to establish his claim; that Donnell
   gave due notice of· the assignment to the receiver, and that
   mover relied entirely upon Donnell to protect his interest;
   that the attorney who represented Donnell in the litigation was

the intervener to whom a one-sixth interest in the claim was awarded, and that Donnell, being advised by said attorney that the giving of notice of the assignment to the receiver was sufficient to protect mover's interest, and believing that the attorney was attending to the matter, took no further action in the premises; that during December, January and part of February, Donnell was sick and unable to communicate with an attorney to represent mover, until on or about February 5, when he was advised by his said attorney to get other counsel to represent mover; that a day or so following the filing of the referee's report, Donnell became sick and did not know of the court's action in the premises until after engaging another attorney, on February 12. *Held*, that the court did not err in overruling the motion, under the rule that a judgment should not be set aside to permit an intervention except for the most cogent reasons, if indeed such practice should be tolerated at all; mover and his agent both knowing of the pendency of the proceeding, the latter being a party thereto and in a position to keep in close touch with the litigation, and no good reason appearing for not making timely application for leave to intervene.

Appeal from St. Louis City Circuit Court.—*Hon. Leo S. Rassieur*, Judge.

Affirmed.

*M. Hartmann* for appellant.

(1) A reasonable degree of diligence on part of C. H. Bartlett, assignee, is all that is necessary to entitle him to file an intervening petition in said cause, and especially is this true when, by filing of said intervening petition before distribution of said funds, no substantial injury would result in determining who is justly entitled to said fund. Park v. Coyne, 156 Mo. App. 379. (2) It was discretionary with the court to determine whether or not said Bartlett shall be permitted to file his intervening petition, but the court is to exercise a legal discretion in conformity with the spirit of the law, and in a manner to subserve, and not impede or defeat, the ends of substantial justice. Park v. Coyne, supra. We respectively submit that under

the circumstances presented in the affidavit filed in said cause, set forth in appellant's abstract, the court erred in overruling appellant's application to intervene therein prior to making an order of distribution.

*Judson, Green & Henry* for respondents.

(1) The trial court did not err in overruling the appellant's motion because the said motion was insufficient in the following respects: (a) It failed to show any facts indicating diligence or any facts showing a legal excuse for not filing it sooner. Florey v. Uhrig, 35 Mo. 517. (b) The motion fails to state specifically what the consideration for the alleged assignment was, or to state in detail the circumstances under which it was executed and the relations of the parties. In other words the motion does not set out *facts* which show that the appellant's claim was bona fide. Griffin v. Veil, 56 Mo. 310. (c) The appellant herein, Bartlett, the said alleged assignee of Donnell was not willing to verify this motion himself but the only verification thereof is the affidavit of Donnell, the alleged assignor. (d) No copy of the alleged assignment was attached to or filed with this motion or was ever shown to the trial court or to the receiver. (2) The granting or refusing of the said motion was a *discretionary* matter with the trial court, and as there was no abuse of discretion an appellate court cannot interfere. Sigoloff v. Independent Breweries Co., 148 Mo. App. 452.

ALLEN, J.—This is a suit for the appointment of a receiver for the assets of the Donnell Manufacturing Company, a corporation, and for the dissolution of such corporation, though the appeal involves only the ruling of the trial court upon a motion of this appellant seeking to have the court set aside its judgment respecting the matter hereinafter referred to, and for leave to intervene.

The court appointed a receiver for the assets of the corporation, and thereafter a referee was appointed to hear and determine the claims of creditors. It appears that on December 20, 1912, the referee filed his report as to the claims of creditors, among other things recommending for allowance a claim of John W. Donnell, one of the defendants herein. Thereafter on January 22, 1913, an intervening petition was filed in said cause by the holder of an unsatisfied judgment against Donnell, the petition averring that Donnell was insolvent and praying that the court direct the receiver to pay over to the intervener any dividends which might become payable to said Donnell on the latter's claim against the assets of the corporation. Thereafter, on February 1, 1913, another intervening petition was filed, the intervener asserting a claim to a one-sixth part of the recommended allowance to Donnell under an alleged assignment of so much of said claim, in payment for legal services, and alleging that said assignment antedated the judgment of the other said intervener.

Thereafter, on February 11, 1913, the court affirmed the report of the referee, allowed the claim of Donnell against the property in the receiver's hands, and having heard the evidence adduced thereupon, also sustained the intervening petitions above mentioned and ordered the receiver to pay to said interveners, in the proportion of five-sixths and one-sixth thereof respectively, any dividends payable on the allowed claim of Donnell. And on February 14, 1913, the court overruled the receiver's motion for a new trial in respect to said matters.

Thereafter, on February 15, 1913, this appellant, Chas. W. Bartlett, filed a motion to set aside the order aforesaid directing payment to the above-mentioned interveners, and praying for a "new trial" and for leave to file an intervening petition in order that he might be heard as to his rights in the premises. This

motion the court overruled; and the propriety of this ruling is the matter here in dispute.

The motion sets out that appellant, a resident of Illinois, is the assignee of a two-thirds interest in the above-mentioned claim of Donnell; that the assignment was made in good faith and for a valuable consideration, and antedated the judgment of the intervener to whom five-sixths of the dividends on such claim had been awarded. It is then stated that owing to appellant's advanced age and poor health he relied upon Donnell, as his agent, to take the necessary steps to establish his claim; that Donnell gave to the receiver due notice of the assignment, of which appellant was advised, and that appellant then relied entirely upon Donnell to protect his interests in the premises. It is averred that Donnell was represented in the litigation by the attorney who afterwards intervened as the assignee of a one-sixth interest in the Donnell claim, and that he (Donnell) being advised by said attorney that the giving of notice to the receiver of the assignment was sufficient to protect appellant's interest, and believing that said attorney was attending to the matter, took no further action in the premises. It is averred that ''during the months of December, 1912, January and part of February, 1913,'' Donnell was sick and confined to his home, and was unable to communicate with an attorney to represent appellant until on or about February 5, 1913, when he was advised by his said attorney to get other counsel to represent appellant; that ''a day or two following the filing of the referee's report'' Donnell became sick, and did not know of the court's action in the premises until after engaging another attorney on February 12, 1913.

Under the circumstances we think that we should not interfere with the ruling of the court below. The matter was one resting to a great extent in the sound judicial discretion of the trial court, and its action should not be set aside except for a manifest abuse

of that discretion. The principle involved is much the same as in cases where it is sought to have a default judgment set aside. That is to say, at least, that there should be both a showing of proper diligence, and of a meritorious claim. But there are more potent reasons for upholding the court's action in the premises than would exist were it a case where the court refused to set aside a default judgment upon a like showing as to diligence. Appellant was not a party to the proceeding, but sought to intervene therein, i. e., to become, by leave of court, a party thereto for the protection of a right or interest alleged to be affected thereby. The general rule is that one coming in as an intervener must take the case as he finds it, and cannot delay the trial of the cause; and that intervention comes too late after trial begins, and *a fortiori* after judgment. [See 17 Am. & Eng. Ency. of Law (2 Ed.), 185; 11 Enc. Pl. & Pr., 510, 503.] In some States the matter is regulated by statute; but though it is not so regulated, it would appear that a judgment should not be set aside to permit an intervention except for the most cogent reasons, if indeed such practice should be tolerated at all.

Here both appellant and his said agent knew of the pendency of the proceeding; and the latter was a party thereto and in a position to keep in close touch with the litigation. No good reason appears for not making a timely application for leave to intervene. The motion shows upon its face that despite the alleged sickness of the agent he had ample opportunity to take steps to protect whatever interest appellant may have had. Furthermore it seems that appellant by having left it entirely to his alleged assignor (the original owner of the claim and who was prosecuting it in his own name) to see that his interests were protected, may well be held to have waived any right to intervene at the late hour when leave was sought therefor. [See Meissner v. Meissner, Intervener, 68 Wis. 336.]

Other phases of the matter need not be discussed. The judgment is affirmed. *Nortoni, J.,* concurs, *Reynolds, P. J.,* not sitting.