ABEELE v. RUSE ET AL.

[No. 16,944. Filed October 20, 1942. Rehearing denied December 2, 1942. Transfer denied January 11, 1943.]

*Charles V. Sears,* of Danville, and *Johnson, Zechiel & Johnson,* of Indianapolis, for appellant.

*Zeph E. Keller,* of Indianapolis, and *Archie J. Kahl,* of Danville, for appellees.

STEVENSON, P. J.—The appellees Raymond Ruse, Arthur McGlothlin, and Arthur McGlothlin, guardian

for Kenneth McGlothlin, brought an action against George E. Ruse, Elva Ruse and Henry Brunes to quiet title to certain real estate. The appellees George E. Ruse and Elva Ruse, as owners of the real estate involved, had mortgaged the same to the appellee Henry Brunes.

This mortgage had been foreclosed but no sale had been had of the real estate under such foreclosure proceedings. While this litigation was pending, George and Elva Ruse, as owners of the real estate, deeded the same to appellant, Constant V. Abeele, and obtained from him approximately fifty-one hundred dollars, which sum was required to pay the mortgage debt and costs incident to the foreclosure proceedings. The appellant alleges that he was informed and believed that upon the payment of such sums the suit to quiet title would be dismissed. Subsequent to the payment of this sum, however, and the acceptance of a deed to the property, the said George E. Ruse and Elva Ruse, as defendants in the action to quiet title, filed a disclaimer in said action, and the same was submitted to the court for trial.

Judgment was entered quieting the title to the real estate involved in the said appellees Raymond Ruse, Arthur McGlothlin, and Arthur McGlothlin, guardian for Kenneth McGlothlin. This judgment was entered on April 9, 1941. Under this judgment, the court found that the real estate in question had belonged to one Maggie J. Ruse, who died testate in Hendricks County in 1926; that under the terms of this will the real estate in question passed to George E. Ruse and Elva Ruse, as tenants for life, conditioned that the said George E. Ruse and Elva Ruse should at all times keep all taxes and other claims and liens against such property fully paid and satisfied, and upon failure of said

life tenants so to do, said life estate in them should lapse, and the title to said real estate should revert to the bodily heirs of the testatrix.

. The court further found that the said George E. Ruse and Elva Ruse had failed and, neglected to pay the taxes upon the real estate and failed to keep all legal liens against the real estate fully paid, and had permitted said real estate to be mortgaged and sold. The court found that the said George E. Ruse and Elva Ruse had accordingly forfeited their rights to the real estate, and found that they and the said Henry Brunes and all persons claiming under them had no interest therein and title was accordingly quieted in the appellees.

On May 8, 1941, the appellant, Constant V. Abeele, filed the following petition:

"Comes now Constant V. Abeele and shows to the court that on the 30th day of September, 1940, the defendants, George E. Ruse and Elva Ruse, were the owners of the real estate described in the complaint in the above entitled cause, and that on said day they conveyed said real estate by Warranty Deed to said Constant V. Abeele in consideration of the said Abeele furnishing the cash with which to pay a certain judgment against said defendants and redeem said real estate from a certain judgment foreclosing a mortgage on said real estate, and the payment of certain taxes against said real estate, all in the sum of $5,100.00, and that he is therefore interested in said cause of action and should have been, and now should be made a party defendant thereto.

"And said Constant V. Abeele now moves the court and asks that a new trial be granted in said cause of action for the following reasons, to-wit:

"1. That the decision of the court is not sustained by sufficient evidence.

"2. That the decision of the court is contrary to law.

"WHEREFORE your petitioner asks the court that he be made a party defendant in said cause,

that a new trial thereof be granted, that the judgment entered in said cause be opened; that additional testimony be taken; that new findings and conclusions of law be made and that a new judgment be entered."

On June 7th the appellees Raymond Ruse, Arthur McGlothlin, and Arthur McGlothlin, guardian for Kenneth McGlothlin, filed their motion to strike out the appellant's petition and motion for the reason that the motion so filed was double, in that it purported to be a motion for new trial and a petition to intervene. The court did not rule upon this motion, but on June 16, 1941, the appellant filed his amended petition and motion, which amended petition and motion set out at length the entire history of the litigation, and in which amended motion and petition the appellant asked the court that he be made a party defendant to such action, and that he be permitted to file a motion for new trial, which motion for new trial he embodied in his petition. The appellees moved to strike out this amended petition and motion, and this motion the court sustained. Exceptions were taken to this ruling. An appeal was prayed, granted, and bond fixed at five hundred dollars to be filed within thirty days.

On this record the appeal has been perfected, and on appeal the appellant assigns as error: First, sustaining the motion to strike out the amended petition of appellant to intervene, and for a new trial; and, second, in refusing to permit the appellant to intervene in said cause for the purpose of filing his motion for a new trial.

Under this state of the record two questions are presented for our consideration. The first question presented is the legal effect of the appellant's action in filing an amended motion for a new trial, and to intervene more than thirty days after the

judgment of the trial court was rendered. This question was recently before this court in the case of *Smith v. First Natl. Bk. of Hartford City, Exr.* (1937), 104 Ind. App. 299, 301, 11 N. E. (2d) 58. In that case this court said:

"There is no provision in our statutes for the filing of an amended or supplemental motion for new trial after the time for the filing of a motion for new trial has expired (Acts 1881, Sp. Sess., ch. 38, p. 240, as amended Acts of 1909, ch. 165, § 1, p. 400; Acts of 1911, ch. 239, § 1, p. 42, being § 2-2401 to § 2-2405, Burns' 1933, inclusive, § 368 to § 372, inclusive, Baldwin's 1934), therefore such amended or supplemental motion is unauthorized and should be treated as never having been filed and no question is presented 'for consideration on any alleged error predicated upon the action of the court in overruling such motion."

It follows, therefore, that in so far as the appellant's amended petition, filed June 16, 1941, may be considered as a motion for a new trial, such petition is a nullity, and the ruling of the court in striking it out presents no question for our consideration, and the original petition which the appellant filed on May 8, 1941, in so far as it constitutes a motion for a new trial remains undisposed of.

If this were the only question presented, therefore, this appeal should be dismissed for the reason that no question is presented. *Smith* v. *First Natl. Bk. of Hartford City, supra.*

The appellant's amended petition filed on June 16, 1941, may also be considered as a petition for leave to intervene. The action of the court in sustaining the motion to strike out this amended petition is also challenged in this appeal. The appellees contend that this motion to intervene having been filed after the judgment and decree was entered came too late. The time

in which one may exercise a right to intervene in a pending action or proceeding is generally fixed by the statutes governing intervention. 39 Am. Jur., Parties, § 70, p. 942.

In our State the statute which confers upon a party having an interest in the subject-matter of the litigation a right to intervene contains no statement ■ as to the time when such application may be made. See § 2-222, Burns' 1933. The rule governing the right of intervention and the time when such right should be exercised is well stated in the case of *In Re Belleville Bank & Trust Co.* (1939), 302 Ill. App. 359, 363, 23 N. E. (2d) 810, wherein the court said:

"The right to intervene in a proceeding is not absolute, but the permission of the court must be secured. The party seeking to intervene must have a clear interest in the subject matter involved, and it must appear that a full and complete determination cannot be had in the case without such party being made a party. The intervenor takes the suit as he finds it; he is bound by the record of the case at the time of his intervention, and he cannot change the issues between the parties or raise new ones. Intervention, even when permissible, must be had during the pendency of an action before the issues between the original parties have been determined, and a final decree has been entered."

This same rule is announced in the case of *Watkins* v. *Donnell* (1915), 189 Mo. App. 617, 622, 175 S. W. 280, wherein the court said:

"Appellant was not a party to the proceeding, but sought to intervene therein, i. e., to become, by leave of court, a party thereto for the protection of a right or interest alleged to be affected thereby. The general rule is that one coming in as an intervener must take the case as he finds it, and cannot delay the trial of the cause; and that intervention

comes too late after trial begins, and *a fortiori* after judgment. [See 17 Am. & Eng. Ency. of Law (2 Ed.), 185; 11 Enc. Pl. & Pr. 510, 503.]"

In the case of *Gibson* v. *Ferrell* (1908), 77 Kan. 454, 457, 94 P. 783, the court, in discussing the conduct of a petitioner, said:

"So far as the motion discloses the applicant may have been sitting by during the entire period the suit was pending, watching the progress of events, waiting to see what would develop, and only after the end had been reached and he found the result to be unsatisfactory did he conclude to try his own hand. The motion having been addressed to the discretion of the court, its ruling cannot be reversed without a clear showing that it abused its authority. Manifestly the applicant withheld altogether too much for this to be said."

A similar question was before the Circuit Court of Appeals, Seventh Circuit, in the case of *Roberts* v. *Metropolitan Life Ins. Co.* (1938), 94 F. (2d) 277, 281. In this case, the court said:

"We know of no authority, . . . which permits a person to become a party after a matter has been litigated, a final decree entered, and the term of court adjourned."

In the case at bar, the record discloses that the final judgment was entered on April 9th during the March term of the Hendricks Circuit Court and the appellant's petition to intervene was not filed until May 8, 1941, which was after the close of the March term of the court and within the May term of said court. § 4-332, Burns' 1933.

In the light of these authorities, it is our opinion that appellant had no right to intervene in this case after final judgment had been entered by the court and the term of court had closed.

We are persuaded that this rule should apply in this case for yet another reason.

The authorities generally are to the effect that the right to intervene must be exercised within a reasonable time, and it is not apparent to this court that the appellant was diligent in his efforts to be made a party to this pending litigation. As this court has said:

"Where one seeks to intervene, who is not a necessary party under our statute, the trial court may exercise its discretion and unless there is a clear abuse of such discretion no error is committed in denying the right to intervene. An intervener must be diligent and any unreasonable delay after knowledge of the suit will justify the court in refusing to allow him to intervene, where no satisfactory excuse is shown for the delay and the intervener is not a necessary party to a full and complete adjudication of the rights involved in the controversy." *Forsyth* v. *American Maize Products Co.* (1915), 59 Ind. App. 634, 637, 108 N. E. 622.

The appellant states that he purchased the real estate involved in this litigation on September 30, 1940, at which time he knew of the pending litigation, and at which time he alleges that he did not know or understand that said cause of action would be prosecuted to a judgment. The appellees in their motion to strike out alleged that the appellant was notified by the court in October, 1940, that this cause was pending and directed said petitioner to come into court if he cared to be heard. The record in this case discloses that the cause was tried on the 17th day of October, 1940, at which time the evidence was heard, and the court took said cause under advisement. This case was held under advisement by the court until the

9th day of April, 1941, at which time the judgment was entered.

In the light of this record, we cannot say, as a matter of law, that the appellant was diligent in the matter of the protection of his interest in the subject-matter of the litigation.

In the light of the above authorities, and for the reasons stated, it is our opinion that the appellant has shown no such abuse of discretion upon the part of the trial court in denying the appellant's motion to intervene, as warrants a reversal of this case.

Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

NOTE.—Reported in 44 N. E. (2d) 235.