STEPHEN YOUNG and FRED W. SCHLOTTMANN, Trustees for HARRY H. GROVE, and STEPHEN YOUNG and FRED W. SCHLOTTMANN, Individually, Appellants, v. ALBERT W. PRESSGROVE and MYRTLE MAE PRESSGROVE, His Wife.—No. 39625.—195 S. W. (2d) 516.

Division One, June 10, 1946.

Rehearing Denied, July 8, 1946.

*J. L. London* for Stephen Young and Fred W. Schlottmann, *Rassieur, Kammerer & Rassieur* for Jessie A. Mant, Administratrix of Mary Parker, Deceased, and *Walther, Hecker & Walther* for Fred W. Schlottmann.

*Karl E. Holderle, Jr.,* for Tyree C. Derrick, Administrator of the Estate of Harry H. Grove, Deceased, and *Tyree C. Derrick* for Albert W. Pressgrove and Myrtle Pressgrove, His Wife, et al.

*Lloyd E. Boas* per se.

*Landry Harwood* and *Meredith & Harwood* pro se and for Tyree C. Derrick.

GANTT, J.—Action to quiet title to real estate located at 5167 Raymond Ave., St. Louis, Mo. The petition alleged that plaintiffs had title to said real estate under a trust indenture executed by Harry H. Grove, conveying all his property to them as trustees. The answer alleged that defendants had title to said real estate by conveyance and as a gift from Grove. It also alleged that Grove was of unsound mind at the time he signed the trust indenture. Judgment for Grove, who was made a party to the litigation, and against both plaintiffs and defendants. Plaintiffs appealed. Jessie Mant, an heir of Grove, also appealed but complains only of allowances to attorneys. She does not question the judgment on the merits.

Defendants also filed a cross bill alleging that Grove, at the time of the execution of the trust indenture, was a seventy-six year old bachelor of unsound mind; that the trust indenture was prepared without the knowledge or consent of Grove, and that he was induced to sign the same by the fraud, and undue influence of others. The cross bill further alleged that Grove had been declared by the probate court a person of unsound mind and not capable of managing his affairs. They prayed for a cancellation of the trust; that plaintiffs be restrained from a dissipation of the property, and for general relief. Thereafter and on application of defendants, summons was served on Grove, which made him a party to the litigation. Lloyd E. Boas, an attorney, was appointed guardian ad litem for Grove. He also filed a cross bill alleging the insanity of Grove; that he was

the owner of the real estate in litigation and prayed that the trust indenture be declared void and the fee simple title to all the real estate and the title to all the personal property, which was the subject of the trust, be vested in Grove; that the trustees be restrained from dissipating the trust funds and for a personal judgment against the trustees for all dissipated funds. Grove died pending determination of the case. Tyree C. Derrick, an attorney for defendants, was appointed by the probate court administrator of the Grove estate. As such, he was substituted by the court for the guardian ad litem, who had been appointed general guardian following the final adjudication of the insanity of Grove. The fifteen heirs of Grove were substituted for him as litigants in the case. In the final decree, the court ruled the trust instrument void and vested fee simple title to all the real estate in the heirs of Grove and the title to the personal property in Derrick, administrator of the estate of Grove.

Plaintiffs are here on the record proper. Jessie Mant is here on a transcript of the evidence relating to attorneys' fees.

Plaintiffs contend that the court was without jurisdiction to permit defendants to file a cross bill for the cancellation of the trust indenture. They argue that said cross bill engrafted a new cause of action upon the trustees' cause of action, and that the cause of action alleged in the cross bill was not germane to the issues raised by the cause of action set forth in the trustees' petition.

Defendants' cross bill engrafted no new cause of action on the trustees' cause of action. On the contrary it pleaded the insanity of Grove at the time of the execution of the trust indenture. If, at that time, Grove was insane, the trust indenture was void and plaintiffs were without a cause of action. If so, the cross bill presented a complete defense. In Davis v. Austin, 348 Mo. 1094, 156 S. W. 2d 903, 906, we find a statement as follows:

"Intervention is defined as 'a proceeding in a suit or action by which a third person is permitted by the court to make himself a party, either joining plaintiff in claiming what is sought by the complaint, or uniting with defendant in resisting the claims of plaintiff, or demanding something adversely to both of them.' Black's Law Dict. 651; 33 C. J. 477; Rocca v. Thompson, 223 U. S. 317, 32 S. Ct. 207, 56 L. Ed. 453. If there is a fund, in the custody of the court to be distributed, which each of two parties claim, it is, of course, fundamental that any other party may be entitled to intervene and make a claim to it against both of the original parties. It is also true that, in matters concerning trust relations, a cestui que trust, who is not a party to an action between a trustee and a third person, may intervene by showing the court that it is necessary to make him a party to protect his interest. In either case, such an intervener might claim against both of the original parties. 21 C. J. 344, Sec.

342;'' Monticello Bldg. Corp. v. Monticello Inv. Co., 330 Mo. 1128, 52 S. W. 2d 545.

Furthermore, it was proper for the court to order summons for Grove so that the question of the validity of the trust as to other real estate and the personal property might be considered and ruled in the cause of action. On this question we have ruled as follows:

''. . . Consequently there can be no proper objection to the cross bill filed in this case because it asks the affirmative relief set out. The parties interested in the land in controversy are before the court each asserting a right or interest in the land which is the subject matter of the suit. 'Under such circumstances, where (as here) the court has jurisdiction both of the parties and of the subject matter, it is the uniform tendency of the judiciary, in order to avoid circuity of action and multiplicity of suits, to exercise and retain jurisdiction of the ▮▮▮ cause or proceeding until the rights of the parties in the subject matter of the cause or proceeding are fully adjudicated, and until full and complete relief is awarded, according to the rights of the parties as presented by the pleadings.' '' [Lortz v. Rose, 346 Mo. 1212, 145 S. W. 2d 385, l. c. 387.]

The contention is overruled. Other questions mentioned by plaintiffs are not record proper.

Appellant Jessie Mant does not question the reasonableness of the fee allowed the guardian ad litem and attorney Derrick. We do not understand her contention with reference to the allowance to the guardian ad litem for costs and services as attorney. She argues that he was without authority to employ himself as an attorney in the case. The court appointed him as guardian ad litem for the purpose of having Grove represented in the litigation by an attorney. There was no necessity for him to make a pretense of employing himself or for a court record to designate him an attorney for the guardian ad litem. The contention is without merit and is overruled.

Jessie also contends that Derrick's services as an attorney were in behalf of the defendants Pressgrove, whose interests were adverse to those of Grove and his estate. We do not think so. In substance the facts relating to the service follows:

In about fifteen days after the execution of the trust indenture transferring the Grove property to plaintiff trustees, the defendants (Mrs. Pressgrove, a niece of Grove, and her husband), through their attorney Derrick, commenced an active investigation to determine the facts which resulted in the execution of the trust indenture by Grove. The said investigation and activity was continued by the defendants Pressgrove through their attorney until the end of the litigation, which resulted in the recovery of the real estate and personal property for Grove and his heirs-at-law. Furthermore, at a conference in the office of the attorney for plaintiff trustees, the Pressgroves, through their attorney, offered to convey to a guardian for Grove the above

described real estate held by them under the alleged conveyance as a gift. Plaintiffs' attorney was of the opinion that the trust indenture was valid and declined the offer. Furthermore, at the trial defendants Pressgrove stated to the court that they made no claim to the above mentioned real estate against Grove. The testimony relating to the services rendered by the defendants Pressgrove, through their attorney Derrick, covers quite a number of pages. It will not be necessary to set forth the testimony. It is sufficient to state that it conclusively shows that the investigations and activities of the defendants Pressgrove, through their attorney Derrick, aided by the guardian ad litem, solely resulted in the recovery by Grove and his heirs-at-law of the real and personal property in the possession of the trustees. If so, defendants Pressgrove would be entitled to an allowance from the fund in the custody of the court to compensate them for the services of their attorney Derrick, which compensation the court was authorized to make in favor of the attorney. [St. Louis Union Trust Co. v. Kaltenbach, 353 Mo. 1114, 186 S. W. 2d 578, 583.]

It follows that the judgment should be affirmed. It is so ordered. All concur.