MERIDIAN MUTUAL INSURANCE COMPANY *v.* HUNT ET AL.

[No. 18,444. Filed November 4, 1953. Rehearing denied January 8, 1954. Transfer denied February 10, 1954.]

286

*Bredell, Cooper & Martin,* of Indianapolis, and *Kincaid & Goodwin,* of Lebanon, for appellant.

*Scifres & Hollingsworth,* of Lebanon, and *Raymond O. Evans,* of Crawfordsville, for appellee.

CRUMPACKER, J.—On December 13, 1948, the appellee Walter L. Hunt and his son Robert were the owners of an ambulance used in connection with their business in Crawfordsville, Indiana, and vicinity. On the above date said ambulance collided with an automobile driven by the appellee Jewel Michael at the intersection of Wabash Avenue and Water Street in said city. The son, Robert Hunt, shortly thereafter assigned his interest in any cause of action that might have accrued to him by reason of said collision to his

father, the appellee Walter P. Hunt, who thereupon sued the appellee Michael, the alleged wrong-doer in the transaction, to recover damages to said ambulance which, he says, totaled $6,500. His complaint alleges that at the time of the accident in controversy he carried a policy of insurance with the appellant Meridian Mutual Insurance Company whereby said company undertook to pay him for damages to said ambulance resulting from its collision with another vehicle upon the public highways. That in discharge of said liability the appellant paid him $5800 and he therefore seeks recovery from Michael, the alleged wrong-doer, in the sum of $700 which represents the damages he suffered in excess of those for which he was reimbursed by his insurance carrier. The appellant sought to intervene in this action as a party plaintiff and to that end filed its petition accompanied by a complaint in which it charges responsibility for the accident to appellee Michael, acknowledges its liability to the appellee Hunt under the policy described and the discharge thereof for the sum of $5800 and asks recovery in that amount, as Hunt's subrogee, against Michael, the alleged wrong-doer. The court refused to permit intervention and the propriety of such ruling is the sole question before us. Michael apparently is indifferent to the outcome of this appeal, as he has filed no brief, in recognition, no doubt, of the concept that the wrong-doer is not concerned with who gets the money if the finding is against him and his rights are fully protected by the judgment when he pays it.

The Supreme Court, in *Powers* v. *Ellis* (1952), 231 Ind. 273, 108 N. E. 2d 132, has announced the general rule in Indiana to be "that where the loss exceeds the amount of insurance paid, the insured may sue in his own name and recover the full amount of the loss, the question of the distribution of the

proceeds being a matter between the insured and the insurer only." This certainly rules out the insurance carrier as a necessary party to such a suit. The present case, however, is not such a suit. Here the appellee Hunt has not chosen to sue for his entire loss but only for that portion thereof for which he has not been made whole by insurance money. Hence, he contends, the appellant has no interest in this law suit and has no right to intervene.

Sec. 2-222, Burns' 1946 Replacement provides, *inter alia,* "when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be joined as proper parties." Statutes of this character have been held to apply where a single cause of action exists, although ownership of the cause of action is vested in several persons by reason of partial assignments which occurred by operation of the principles of subrogation. *Patitucci* v. *Gerhardt* (1932), 206 Wis. 358, 240 N. W. 385. See also 46 C.J.S., Insurance, §1209, p. 171.

It is obvious that when the collision in controversy occurred but one cause of action for property damage arose. That cause of action cannot be completely determined in this suit unless the appellee Hunt puts his entire loss in issue without regard to the question of subrogation, as he is entitled to do under *Powers* v. *Ellis, supra,* or unless the appellant is joined with him as a party plaintiff or defendant which this court, in *Lake Erie, etc., R. Co.* v. *Hobbs* (1907), 40 Ind. App. 511, 81 N. E. 90, held to be proper procedure in cases involving the subrogation of insurance carriers where the loss exceeds the amount of the insurance money paid.

The appellee Hunt contends, nevertheless, that an intervener must be diligent in seeking intervention and that the record shows an unexplained lapse of several years between the filing of the complaint and petition to intervene and therefore the court was justified, in the exercise of its sound discretion, in denying intervention. *Forsyth* v. *American Maize Products Co.* (1915), 59 Ind. App. 634, 108 N. E. 622; *Abeele* v. *Ruse* (1943), 112 Ind. App. 596, 44 N. E. 2d 235. In both the above cases intervention was sought several months after trial and in the Abeele case the intervener had been notified by the court of the pending litigation and directed to join it if he cared to be heard, which he refused or neglected to do. Here we have no such situation. The appellee Hunt's suit against the alleged tort feasor has not been tried. As long as he insists on asserting only a part of his loss the appellant, as the owner of the other part thereof, has an interest in the subject of this litigation and therefore is a necessary party thereto. In order that a complete determination of the controversy can be had the appellant should be brought into it. Sec. 2-222, Burns' 1946 Replacement. *Abeele* v. *Ruse, supra,* holds that intervention must be had during the pendency of an action and before the issues between the original parties have been determined and judgment entered. This indicates that the appellant's petition in the present case was timely and being so it should have been granted.

Judgment reversed and cause remanded with instructions to grant appellant's petition to intervene.

NOTE.—Reported in 115 N. E. 2d 132.