ALAMO CREDIT CORPORATION, a corporation, Plaintiff-Respondent,

v.

Glenn W. SMALLWOOD and Darlene R. Smallwood, Defendants-Respondents,

Crown Finance Corporation, Intervenor and Petitioner, Appellant,

Western Surety Company, Respondent.

No. 33629.

St. Louis Court of Appeals, Missouri.

Sept. 22, 1970.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 19, 1970.

Application to Transfer Denied Dec. 14, 1970.

Buerkle & Lowes, by Kenneth L. Waldron, Jackson, for intervenor and petitioner-appellant.

Finch, Finch, Knehans & Cochrane, by Jack O. Knehans, Cape Girardeau, for respondent, Western Surety Co.

CLEMENS, Commissioner.

Can a senior mortgagee intervene in a replevin action ten months after the junior mortgagee has repossessed the mortgaged property by a default judgment against the mortgagor? The trial court said no and dismissed the motion to intervene as untimely. The senior mortgagee appeals from the dismissal. We affirm, not because the senior mortgagee has no substantive rights but because the remedy of intervention applies only to pending litigation.

An abridged factual statement will suffice: On October 8, 1965 Glenn and Darlene Smallwood gave Crown Finance Corporation a $2,772 note and chattel mortgage on household goods. Forty days later the Smallwoods gave Alamo Credit Corporation a $2,674 note and chattel mortgage on the same property. Then, on May 18, 1967 Alamo, without notice to Crown, filed this replevin action against the Smallwoods. Alamo posted Western Surety Company's $3,921 bond and the Cape Girardeau County sheriff took possession of the twice-mortgaged property and delivered it to Alamo. The Smallwoods defaulted, and on July 12, 1967 the trial court gave Alamo judgment for possession and damages and discharged Western Surety Company.

Ten months later Crown moved under Civil Rule 52.11(a), V.A.M.R., to intervene in the replevin action and, anticipating intervention, simultaneously filed its petition to review and vacate Alamo's

judgment and Western's discharge as surety. If Crown's motion to intervene and its petition to review and vacate were granted, Crown could then litigate its rights as senior mortgagee.

But the trial court held Crown's motion to intervene was untimely and ordered it dismissed. On this appeal, Crown contends Civil Rule 52.11(a) sets no time limit and allows intervention even after judgment. The rule does allow intervention "upon timely application" but is an application made after final judgment timely? We say no. Intervention is a process by which a third person is permitted to inject himself into a pending action to assert his rights against the claims therein being made by an original litigant. Young v. Pressgrove, 355 Mo. 204, 195 S.W.2d 516 [2]. Intervention is thus ancillary to and contemporaneous with adjudication of the original action. In the oft-cited case of Zeitinger v. Hargadine-McKittrick Dry Goods Co., 298 Mo. 461, 250 S.W. 913 [2, 3], the court ruled that intervention was allowed only in an action "pending between others" and said: "A suit cannot, within a reasonable interpretation of the words as thus used, be said to be pending when the issues have been judicially determined, or, in short, a judgment has been rendered therein." [1]

That rules our case. The respective rights of Alamo and the Smallwoods had been adjudicated by a final judgment ten months before Crown asked to intervene. There was no longer an action "pending between others." The trial court properly dismissed Crown's motion as untimely.

Crown's brief on the timeliness issue is not persuasive. It relies on out-of-context language in State ex rel. Transit Casualty Co. v. Holt, Mo.App., 411 S.W.2d 249. The

issue there was the timeliness of a motion to intervene filed five days before a case was set for trial. The case is not in point. See State ex rel. Simons v. Wilcox, Mo. App., 224 S.W.2d 392 [2].

Counsel for Crown have forcibly briefed the dependent issue of Crown's substantive rights against Alamo under the Uniform Commercial Code. That would be pertinent in an independent action by Crown against Alamo, but since Crown has no right to intervene we do not reach the substantive issue.

Judgment affirmed.

PER CURIAM.

The foregoing opinion by CLEMENS, C., is adopted as the opinion of this court. Accordingly, the judgment is affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.

---

1. For other cases denying motions to intervene when filed after judgment see Morton v. Supreme Council of Royal League, 100 Mo.App. 76, 73 S.W. 259; Watkins v. Donnell, 189 Mo.App. 617, 175 S.W. 280; State ex rel. Simons v. Wilcox, Mo.App., 224 S.W.2d 392 [2, 3]; In re Chain

Yacht Club v. St. Louis Boating Ass'n., Mo.App., 225 S.W.2d 476 [1, 2, 4, 5]; City of St. Louis v. Silk, 239 Mo.App. 757, 199 S.W.2d 23. And see accord at 37 A.L.R.2d 1306, §§ 12–15, annotating "Intervention after judgment or decree."